IN THE DISTRICT COURT OF THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JUSTIN D. BEEVER, ANGELA BENALY, RICHARD EVANS, TRICIA M. FRANKLIN and JONATHAN L. PETERS, <br><br> Plaintiffs, <br><br> v. <br><br> LAD CORPORATION BK, an Illinois domestic corporation, and ALLEN C. EILERS, individually, <br><br> Defendants. | Case No.: <br> District Judge: <br> Magistrate Judge: <br><br><br><br><br> **JURY TRIAL DEMANDED ON ALL COUNTS** |

## COMPLAINT

**NOW COME** the Plaintiffs, JUSTIN D. BEEVER, ANGELA BENALY, RICHARD EVANS, TRICIA M. FRANKLIN, and JONATHAN L. PETERS, by William H.T. Lee of Mahaffey & Lee, their attorney, and complain of the Defendants, LAD CORPORATION BK, an Illinois domestic corporation, and ALLEN C. EILERS, as follows:

### I. JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq*.

2. Subject-matter jurisdiction over Counts I - V is conferred by 28 U.S.C. §§ 1367. Subject-matter jurisdiction over Counts VI - X is conferred by 28 U.S.C. §§ 1331. Venue is proper under 28 U.S.C. § 1391(b). This court has personal jurisdiction over all defendants as they reside in this judicial district, and the events giving rise to the claims asserted herein occurred in this judicial district.

## Background Facts

1. Plaintiffs are former employees of LAD Corporation BK and are all residents of Adams County, Illinois.

2. Defendant LAD Corporation BK is an Illinois domestic corporation with a principal place of business in Quincy, Adams County, Illinois.

3. Defendant Allen Eilers is the principal owner of LAD Corporation BK and is a franchisee of Burger King Corporation.

4. The Defendants own and operate seven (7) Burger King franchises in Adams County, Illinois, Northeast Missouri and Southeast Iowa.

5. All Plaintiffs previously worked at Adams County, Illinois Burger King locations.

6. All Plaintiffs were paid hourly for their work and were paid anywhere between $8.25 per hour and around $9.25 per hour and worked 40 or more hours per week.

7. In Mid-March 2017, Plaintiffs began to notice that their paychecks were made out for less than the straight-time and overtime wages owed and they alerted their General Manager, Julia Crider. The issue was never fully resolved.

8. On May 15, 2017, Tricia Franklin called Burger King corporate headquarters on behalf of herself and her other three (3) co-plaintiffs and informed Burger King corporate of the underpayment of straight-time and overtime wages issue and that she was going to call the Illinois Department of Labor.

9. Burger King corporate offices then called Defendant Eilers and informed him that Ms. Franklin had called on behalf of herself and her three (3) co-plaintiffs regarding the straight time and overtime wage underpayments and that she was going to call the Illinois Department of Labor to report the issue.

10. Shortly after the call with Burger King corporate, Ms. Franklin did in fact call the Illinois Department of Labor on behalf of her and herself other three (3) co-plaintiffs to report the underpayments and file a formal complaint.

11. That evening when Ms. Franklin went into work, her three co-plaintiffs' names (with the exception of Plaintiff Beever) were already crossed off the schedule. The pattern and practice of the corporation was to cross people off the schedule who quit or were fired. None of Ms. Franklin's co-workers quit their job.

12. While Ms. Franklin was at work, Defendant Eilers came to his restaurant to meet with her.

13. Defendant Eilers asked Ms. Franklin if she reported the instant Defendants' wage underpayments to the Illinois Department of Labor.

14. Ms. Franklin confirmed that she did in fact call the Illinois Department of Labor to report the Defendants' wage underpayments.

15. Defendant Eilers immediately asked Ms. Franklin to turn in her keys and he fired her.

16. On May 23, 2017, Allen Eilers wrote a letter to the staff of Burger King #16283 in Quincy acknowledging that defendants were improperly calculating wages and that this practice dated back to May 2016. See a copy of the letter, attached as Exhibit A.

### Count I – IWPCA Retaliation – Tricia M. Franklin

1-16. Plaintiff realleges paragraphs 1-16 of the Background Facts as if stated fully herein.

17. Defendants discharged Tricia M. Franklin because she reported Defendants' Illinois wage act violations to the Illinois Department of Labor.

18. The Illinois Wage Payment and Collection Act prohibits retaliation against employees who report wage act violations to their employer or the Illinois Department of Labor. 820 ILCS 115/14(c).

**WHEREFORE**, Plaintiff prays the court for a finding that defendants' actions were willful; for judgment against defendants, jointly and severally, in excess of $50,000.00; attorney's fees and costs; and punitive damages.

### Count II – IWPCA Retaliation - Angela Benaly

1-16. Plaintiff realleges paragraphs 1-16 of the Background Facts as if stated fully herein.

17. Defendants discharged Angela Benaly because she participated in reporting Defendants' Illinois wage act violations to the Illinois Department of Labor.

18. The Illinois Wage Payment and Collection Act prohibits retaliation against employees who report wage act violations to their employer or the Illinois Department of Labor. 820 ILCS 115/14(c).

**WHEREFORE**, Plaintiff prays the court for a finding that defendants' actions were willful; for judgment against defendants, jointly and severally, in excess of $50,000.00; attorney's fees and costs; and punitive damages.

### Count III – IWPCA Retaliation – Richard Evans

1-16. Plaintiff realleges paragraphs 1-16 of the Background Facts as if stated fully herein.

17. Defendants discharged Richard Evans because he participated in reporting Defendants' Illinois wage act violations to the Illinois Department of Labor.

18. The Illinois Wage Payment and Collection Act prohibits retaliation against

employees who report wage act violations to their employer or the Illinois Department of Labor. 820 ILCS 115/14(c).

**WHEREFORE**, Plaintiff prays the court for a finding that defendants' actions were willful; for judgment against defendants, jointly and severally, in excess of $50,000.00; attorney's fees and costs; and punitive damages.

### Count IV – IWPCA Retaliation -  Jonathan L. Peters

1-16.   Plaintiff realleges paragraphs 1-16 of the Background Facts as if stated fully herein.

17.   Defendants discharged Jonathan L. Peters because he participated in reporting Defendants' Illinois wage act violations to the Illinois Department of Labor.

18.   The Illinois Wage Payment and Collection Act prohibits retaliation against employees who report wage act violations to their employer or the Illinois Department of Labor. 820 ILCS 115/14(c).

**WHEREFORE**, Plaintiff prays the court for a finding that defendants' actions were willful; for judgment against defendants, jointly and severally, in excess of $50,000.00; attorney's fees and costs; and punitive damages.

### Count V – IWPCA Retaliation -  Justin D. Beever

1-16.   Plaintiff realleges paragraphs 1-16 of the Background Facts as if stated fully herein.

17.   Defendants retaliated against Plaintiff Beever by creating a hostile environment when he remained employed after the other plaintiffs were discharged and he was later forced to resign.

.

18.     The Illinois Wage Payment and Collection Act prohibits retaliation against employees who report wage act violations to their employer or the Illinois Department of Labor. 820 ILCS 115/14(c).

**WHEREFORE**, Plaintiff prays the court for a finding that defendants' actions were willful; for judgment against defendants, jointly and severally, in excess of $50,000.00; attorney's fees and costs; and punitive damages.

### Count VI – FLSA Retaliation – Angela Benaly

1–16.   Plaintiff realleges paragraphs 1-16 of the Background Facts as if stated fully herein.

17.     Defendants discharged Angela Benaly because she participated in reporting Defendants' wage and overtime violations to the Burger King corporation and the Illinois Department of Labor.

18.     The FLSA prohibits employers from discharging or discriminating against an employee because he/she has filed a complaint related to an FLSA violation. 29 U.S.C. § 215(a)(3).

**WHEREFORE**, Plaintiff Angela Benaly requests judgment against Defendant LAD CORPORATION BK and for: A) her unpaid overtime wages; B) compensatory damages; C) liquidated damages; D) punitive damages; and E) attorney's fees and costs.

### Count VII – FLSA Retaliation - Richard Evans

1–16.   Plaintiff realleges paragraphs 1-16 of the Background Facts as if stated fully herein.

17.     Defendants discharged Richard Evans because he participated in reporting Defendants' wage and overtime violations to the Burger King corporation and the Illinois

Department of Labor.

17. The FLSA prohibits employers from discharging or discriminating against an employee because he/she has filed a complaint related to an FLSA violation. 29 U.S.C. § 215(a)(3).

**WHEREFORE**, Plaintiff Richard Evans requests judgment against Defendant LAD CORPORATION BK and for: A) his unpaid overtime wages; B) compensatory damages; C) liquidated damages; D) punitive damages; and E) attorney's fees and costs.

### Count VIII – FLSA Retaliation – Tricia M. Franklin

1–16. Plaintiff realleges paragraphs 1-16 of the Background Facts as if stated fully herein.

17. Defendants discharged Tricia M. Franklin because she participated in reporting Defendants' wage and overtime violations to the Burger King corporation and the Illinois Department of Labor.

18. The FLSA prohibits employers from discharging or discriminating against an employee because he/she has filed a complaint related to an FLSA violation. 29 U.S.C. § 215(a)(3).

**WHEREFORE**, Plaintiff Tricia M. Franklin requests judgment against Defendant LAD CORPORATION BK and for: A) her unpaid overtime wages; B) compensatory damages; C) liquidated damages; D) punitive damages; and E) attorney's fees and costs.

### Count IX – FLSA Retaliation – Jonathan L. Peters

1–16. Plaintiff realleges paragraphs 1-16 of the Background Facts as if stated fully herein.

17. Defendants discharged Jonathan L. Peters because he participated in reporting

Defendants' wage and overtime violations to the Burger King corporation and the Illinois Department of Labor.

    18.    The FLSA prohibits employers from discharging or discriminating against an employee because he/she has filed a complaint related to an FLSA violation.  29 U.S.C. § 215(a)(3).

    **WHEREFORE**, Plaintiff Jonathan L. Peters requests judgment against Defendant LAD CORPORATION BK and for: A) his unpaid overtime wages; B) compensatory damages; C) liquidated damages; D) punitive damages; and E) attorney's fees and costs.

### Count X – FLSA Retaliation – Justin D. Beever

    1–16.    Plaintiff realleges paragraphs 1-16 of the Background Facts as if stated fully herein.

    17.    Defendants retaliated against Plaintiff Beever when he remained employed after the other plaintiffs were discharged by creating a hostile environment and he was forced to resign.

    18.    The FLSA prohibits employers from discharging or discriminating against an employee because he/she has filed a complaint related to an FLSA violation.  29 U.S.C. § 215(a)(3).

    **WHEREFORE**, Plaintiff Justin D. Beever requests judgment against Defendant LAD CORPORATION BK and for: A) his unpaid overtime wages; B) compensatory damages; C) liquidated damages; D) punitive damages; and E) attorney's fees and costs.

    Respectfully Submitted,

    JUSTIN D. BEEVER, ANGELA BENALY,
    RICHARD EVANS, TRICIA M. FRANKLIN, and

JONATHAN L. PETERS, Plaintiffs


By:__s/ William H.T. Lee_____
    William H.T. Lee, 6300324
    Mahaffey & Lee
    ATTORNEY FOR PLAINTIFFS
    409 N. Cherry St.
    Morrison, IL 61270
    (815) 400 9496
    (815) 400 9499 fax
    *will@mahaffeyleelaw.com*